**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PHILLIP BELLAMY,

        Petitioner,

vs.                                                                         Case No.        3:10-cv-1083-J-32JBT
                                                                          3:09-cr-105-J-32JBT

UNITED STATES OF AMERICA,

        Respondent.

## ORDER

This case is before the Court on Petitioner Phillip L. Bellamy's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 1)[1] and the Government's Motion to Dismiss Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Doc. 5). Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that an evidentiary hearing is not necessary to decide the petition.

**I.     Background**

On April 15, 2009, Petitioner was named in a one-count Indictment charging him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Crim. Doc. 1). On August 14, 2009, Petitioner entered a plea of guilty, pursuant to a written plea agreement. Petitioner's plea agreement contained the following provision:

> "The defendant agrees that this Court has jurisdiction
> and authority to impose any sentence up to the statutory
> maximum and expressly <u>waives the right to appeal</u>

---

[1] Citations to Bellamy's criminal case file, <u>United States of America v. Phillip L. Bellamy</u>, 3:09-cr-105-J-32JBT, are denoted as "Crim. Doc.____." Citations to Bellamy's civil § 2255 case file, 3:10-cv-1083-J-32JBT, are denoted as "Doc. ___."

> defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a)."

(Crim. Doc. 41 at 10) (emphasis added).

On November 18, 2009, he was sentenced to 37 months' imprisonment. (Crim. Doc. 45). Pursuant to the plea agreement, Petitioner did not file a direct appeal of his sentence. On November 26, 2010, Petitioner filed a Motion to Vacate, Set Aside, or Correct an Illegal Sentence pursuant to 28 U.S.C. § 2255.

**II.    Discussion**

Petitioner contends his sentence is invalid because his counsel was ineffective for failing to make a number of objections to the guideline sentence range found by this Court. (Doc. 1). The government argues that Petitioner has waived his right to bring a collateral attack of his sentence because of the appeal waiver. (Doc. 5).

An appeal waiver in a plea agreement will be enforced if the government demonstrates either: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record clearly shows that the defendant otherwise

understood the full significance of the waiver. United States v. Williams, 396 F.3d 1340, 1341 (11th Cir. 2005); United States v. Buchanan, 131 F.3d 1005, 1008 (11th Cir. 1997). A voluntary and knowing appeal waiver in a plea agreement precludes the defendant from collaterally attacking his conviction in a § 2255 motion on the basis of ineffective assistance of counsel. Williams, 396 F.3d at 1342.  Allowing a Petitioner to attack his sentence after executing a knowing and voluntary appeal waiver "would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." Id.  In this case, the court specifically questioned Petitioner regarding the waiver and the record demonstrates that he fully understood its significance.  During the change of plea hearing before Magistrate Judge Howard T. Snyder, Petitioner was informed that he would normally have the right to appeal his sentence based on any perceived defect. (Crim. Doc. 50 at 15). He was advised by the Magistrate Judge that under the executed plea agreement, he had given up the right to appeal his sentence either collaterally or directly except under certain circumstances.[2] (Id. at 16).  Petitioner indicated his understanding of the waiver of the right of appeal. (Id.).  Moreover, in his § 2255 motion, Petitioner has not alleged that his waiver was unknowing or involuntary.

---

[2] The Magistrate Judge explained, among other things: "In certain situations a person serving a sentence, and after the time period of the direct appeal has passed, may try to bring an action alleging that his or her incarceration is illegal or unconstitutional for some reason.  This is called a collateral attack pursuant to Title 28, U.S.C., Section 2255.  Under this plea agreement you're waiving your right to either a direct appeal or a later collateral attack under Section 2255 unless it is within one of the specifically listed exceptions." (Crim. Doc. 50 at 18).

3

This Court is persuaded by Petitioner's responses to questioning during the plea hearing that Petitioner not only understood the right he was waiving, but voluntarily executed the agreement based on his understanding of the terms of the plea agreement. Petitioner's allegations in his section 2255 motion do not fit any of the exceptions set forth in the plea agreement.[3] Therefore, Petitioner waived his right to collaterally attack his sentence on the grounds of ineffective assistance of counsel. Accordingly, it is hereby

**ORDERED:**

1. The United States' Motion to Dismiss (Doc. 5) is **GRANTED**.

2. Petitioner Phillip L Bellamy's Motion to Vacate, Set Aside Sentence, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 (Doc. 1) is **DENIED**.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(l). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that

---

[3] Pursuant to Petitioner's plea agreement, he could appeal his sentence only: (1) if the sentence imposed exceeded the applicable guideline range, (2) if the sentence exceeded the statutory maximum penalty, (3) if the sentence violated the Eighth Amendment to the Constitution, or (4) if the United States exercised its right to appeal the sentence. (Crim. Doc. 50 at 16-17).

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-Eli v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).  Petitioner has not made the requisite showing in these circumstances.  Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Jacksonville, Florida this 24th day of April, 2012.

_____
TIMOTHY J. CORRIGAN
United States District Judge

tcr.

Copies:

counsel of record

pro se party